103 F.3d 141
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Elizabeth Ann CARLESON, Defendant-Appellant.
 No. 95-10335.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 12, 1996.*
Decided Nov. 6, 1996.
 
 1
 Before: O'SCANNLAIN, LEAVY, Circuit Judges, and HUFF**, District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Elizabeth Ann Carleson appeals her conviction of possessing with intent to distribute less than fifty kilograms of marijuana in violation of 21 U.S.C. sections 841(a)(1) and 841(b)(1)(D). We have jurisdiction pursuant to 28 U.S.C. section 1291. We affirm.
 
 DISCUSSION
 
 4
 Carleson raises four issues on appeal. We address each of her contentions in turn.
 
 1. Evidence of Carleson's Prior Heroin Use
 
 5
 On appeal, Carleson complains that the government ignored the district court's exclusion of evidence concerning Carleson's prior drug use in its cross examination of the defendant and defendant's former counsel Amy Wilemon. In addition, the government argued the importance of this evidence in its closing argument.
 
 
 6
 "[W]hether the evidence falls within the scope of Rule 404(b) is reviewed de novo." United States v. Arambula-Ruiz, 987 F.2d 599, 602 (9th Cir.1993). A trial court's decision to admit "other act" evidence is reviewed for abuse of discretion. Id.; United States v. Mundi, 892 F.2d 817, 820 (9th Cir.1989), cert. denied, 498 U.S. 1119 (1991). However, Carleson did not object to the government's questions, thereby presenting the issue for examination under a plain error analysis. See United States v. Varela, 993 F.2d 686, 688 (9th Cir.), cert. denied, 510 U.S. 884 (1993). "Plain error is 'highly prejudicial error affecting substantial rights[,] and is found only in exceptional circumstances.' " United States v. Kessi, 868 F.2d 1097, 1102-1103 (9th Cir.1989) quoting United States v. Harris, 738 F.2d 1068, 1072 (9th Cir.1984). "It must be highly probable that the error materially affected the verdict." Kessi, 868 F.2d at 1103.
 
 
 7
 Defense counsel claimed in his opening statement that he would introduce evidence that Carleson had a heroin problem and overcame the problem through a methadone treatment program. Because Carleson's counsel "opened the door", this court does not review the admissibility of the evidence in the first instance. See United States v. Thomas, 893 F.2d 1066, 1071 (9th Cir.) (the court "will not review for error a ruling that [the defendant] invited"), cert. denied, 498 U.S. 826 (1990); see also United States v. McKeon, 738 F.2d 26, 30 (2d Cir.1984) ("Statements made by an attorney concerning a matter within his employment may be admissible against the party retaining the attorney ... a proposition which extends to arguments to a jury"); United States v. Bentson, 947 F.2d 1353, 1356 (9th Cir.1991) (an attorney's statement in closing argument can constitute a judicial admission) cert. denied, 504 U.S. 958 (1992); Rhoades, Inc. v. United Air Lines, 340 F.2d 481, 484 (3d Cir.1965) ("[A]n admission of counsel in the course of trial is binding on his client[.]").
 
 
 8
 2. The Limitation of Carleson's Public Authority Defense
 
 
 9
 Next, Carleson argues that the district court improperly limited her reliance on public authority defense by excluding evidence of an alleged agreement she had with Maricopa County Attorney Michael Vincent and evidence of her prior dealings with the ATF. Her claims have no merit.
 
 
 10
 On December 9, 1994, Carleson filed notice pursuant to Federal Rule of Criminal Procedure 12.3 claiming that she engaged in the marijuana transaction as part of an agreement with FBI Agent Michael Fain and ATF Agent Tom Mangum. Although the district court held four motion in limine hearings regarding defendant's compliance with Rule 12.3, Carleson did not mention any reliance on Vincent's authority. However, on the day prior to trial, defendant withdrew her defense on the basis of Mangum's authority and attempted to assert a new reliance on Vincent. Carleson's only mention of Vincent was with regard to Fain's statement to Wilemon that prior to the negotiation of any agreement, he needed to get approval from Vincent with regard to Carleson's state cases. Because Carleson had not filed timely notice of this intention pursuant to Rule 12.3, the court precluded the defense from presenting any claim of authority allegedly provided by the County Attorney. The court ruled that Vincent could testify regarding any deal between Fain and Carleson in which he participated or communicated, through Wilemon or otherwise, to Carleson. Evidence whether Vincent made an independent deal with Carleson was precluded based on a lack of Rule 12.3 notice.
 
 Standard of Review
 
 11
 Although this court has not addressed the correct standard for evaluating challenges to the trial court's actions under Rule 12.3, the Fourth Circuit reviews the lower court's actions under an abuse of discretion standard. United States v. Seeright, 978 F.2d 842, 848 (4th Cir.1992). In addition, this court has analogized Rule 12.3 to Rules 12.1 (Notice of Alibi) and 12.2 (Notice of Defense Based on Mental Condition). United States v. Burrows, 36 F.3d 875, 881 (9th Cir.1994). Because this court reviews for an abuse of discretion the trial court's exclusion of alibi witnesses pursuant to Rule 12.1, see United States v. Givens, 767 F.2d 574, 583 (9th Cir.), cert. denied, 474 U.S. 953 (1985), and experts pursuant to Rule 12.2, see United States v. Rahm, 993 F.2d 1405, 1410 (1993), the court adopts for the purposes of this order the same standard for errors assigned to the exclusion of witnesses or testimony pursuant to Rule 12.3.
 
 Application
 
 12
 Rule 12.3 provides that "[i]f a party fails to comply with the requirements of this rule, the court may exclude the testimony of any undisclosed witness offered in support of or in opposition to the defense[.]" FED.R.CRIM.P. 12.3(c). Under the circumstances, the trial court did not abuse its discretion to exclude the testimony regarding reliance on the County Attorney. Considering that the court (1) allowed Carleson to call Vincent to testify about any agreement with Fain, and (2) held four motion hearings regarding compliance with the dictates of Rule 12.3, with no mention of reliance upon Vincent until the day before trial, we conclude that the district court acted within its discretion.
 
 Exclusion of Testimony of Prior Agreements
 
 13
 Carleson also challenges the trial court's order precluding her from introducing evidence of prior deals that Carleson had made with ATF. Carleson asserted that evidence of her prior agreements was relevant regarding Carleson's belief that she had "a similar, implied contract type of agreement with the FBI, and that reliance on this agreement was reasonable." However, because Carleson's "reliance on public authority defense" arose from an alleged deal struck between Wilemon and Fain that was relayed by Wilemon to Carleson, her prior dealings were irrelevant. The lower court did not abuse its discretion by excluding that evidence.
 
 
 14
 3. Questions Regarding Defendant's Invocation Miranda Rights
 
 
 15
 In the third error assigned by Carleson, she seeks reversal based on the prosecutor's inquiry into her invocation of her rights to counsel and silence. Because Carleson opened the door to this line of inquiry by implying that the agents did not want to talk to her, the government could question her on this issue to rebut her claims that the agents did not want to talk to her. Because Carleson invited these questions, they are not subject to review by this court. See Thomas, 893 F.2d at 1071. For the same reasons, the government could argue this evidence in closing argument.
 
 
 16
 4. Comments by the Prosecution During Closing Arguments
 
 
 17
 Finally, Carleson argues that the government's insinuations that defense witness Wilemon lied on the stand constituted improper conduct and that the prosecutor misstated the facts in his summation to such an extent that reversal is appropriate. Neither objection to the prosecutor's summation has merit.
 
 
 18
 a. The Government's Comments Regarding Wilemon's Veracity
 
 
 19
 Carleson claims that the government's counsel argued improperly regarding his personal opinion of Wilemon's veracity. Reversal is appropriate when the defendant objects to an improper argument unless the error is harmless error. United States v. Laurins, 857 F.2d 529, 539 (9th Cir.1988), cert. denied, 492 U.S. 906 (1989); United States v. Endicott, 803 F.2d 506, 513 (9th Cir.1986) citing United States v. Young, 470 U.S. 1 (1985). Where the defendant does not object, reversal is appropriate when, after reviewing the comments in light of the entire record, the court determines that the allegedly improper behavior "affected the jury's ability to judge the evidence fairly." Endicott, 803 U.S. at 513; see also United States v. Christophe, 833 F.2d 1296, 1300-1301 (9th Cir.1987).
 
 
 20
 Reviewing the comment to which Carleson objects, the court concludes that no error occurred. A prosecutor may challenge the credibility of a defense witness. United States v. Birges, 723 F.2d 666, 672 (9th Cir.) (not improper for prosecutor to voice doubts about veracity of a defendant who has taken the stand), cert. denied, 446 U.S. 943 (1984). On their face, the prosecutor's statements constitute a comment on the evidence. Not only did the prosecutor emphasize to the jury that it must judge Wilemon's credibility, he described the nature of the impeachment and the evidentiary basis which undermined her credibility.
 
 
 21
 b. The Accuracy of the Prosecutor's Recitation of Facts
 
 
 22
 Lastly, Carleson assigns error to the prosecutor's two alleged misstatements of fact in his closing argument. We do not find merit to either of Carleson's claims.
 
 
 23
 We affirm.
 
 
 
 *
 The panel finds this case appropriate for submission on the briefs and without oral argument pursuant to Fed.R.App.P. 34 (a and 9th Cir.R. 34-4
 
 
 **
 The Honorable Marilyn L. Huff, United States District Judge for the Southern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3